## MEANS v. BEAUCHAMP. (No. 2561.)

(Court of Civil Appeals of Texas. Texarkana. May 11, 1922. Rehearing Denied May 25, 1922.)

Homestead ⟨⟩124—Deed to which grantor's wife was not a party held valid, where property abandoned as homestead.

Where a grantor was not living on the lots granted at the time of the execution of the deed, having previously abandoned them as a homestead, the deed was valid, although grantor's wife did not join in its execution.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by L. Beauchamp against C. S. Means. Judgment for plaintiff, and defendant appeals. Affirmed.

E. W. Neagle, of Sherman, for appellant.
W. W. Ballew, of Corsicana, for appellee.

HODGES, J. The appellee sued the appellant for the title and possession of two lots in the city of Whitewright. Both parties deraign title from one A. A. Pennycuff. The appellee claims under a deed executed by Pennycuff alone on December 10, 1912, conveying the property to D. A. Ray. The appellant claims under a deed from Pennycuff and wife executed after this suit was filed. He also offered in evidence the deed executed by the wife alone a short time before the institution of the suit. The real defense relied on is that the property was the homestead of Pennycuff and wife at the time he executed the conveyance to Ray, and for that reason his deed to Ray was void. Upon that issue the evidence was conflicting. Ray testified that when he bought the property from Pennycuff the latter was living out in the country, east of Whitewright. He gave Pennycuff a team of horses, a good set of harness, a four-seated carriage and $50 in money for the property. The appellant testified that Pennycuff lived on the property at the time the deed to Ray was executed. The court, after considering the conflict, found as a fact that Pennycuff was not living on the property at the time of the conveyance to Ray, having previously abandoned it as a homestead, and

concluded as a matter of law that the deed to Ray was valid without the signature of Mrs. Pennycuff. The testimony was sufficient to support the finding of fact made by the court, and his conclusion of law was correct.

The judgment will be affirmed.